UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-- - - - - - -- - - - - - - - - - - - - - -- - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                           :
JAMES FORTUNE,                                             :
                                                           :
                               *Plaintiff*,                : Index No. 16-cv-9022(RA)(KHP)
                                                           :
                                                           : ECF Case
        vs.                                                :
                                                           : **MEMORANDUM OF LAW IN**
                                                           : **SUPPORT OF AN INQUEST**
                                                           :
FLAVORPILL PRODUCTIONS LLC                                 :
                                                           :
                               *Defendant*.                :
-- - - - - - - - - - - - - - - - -- - - - - - - - - - - - - - - - - - - - - - - - - - -x

   Plaintiff James Fortune ("Fortune") hereby respectfully submits this memorandum of law

on an inquest on damages.  Having obtained a default judgment against the Defendant Flavorpill

Productions LLC ("FLAVORPILL") pursuant to Federal Rule of Civil Procedure 55(b)(2) and

Local Civil Rule 55.2(b), the following submission is a detailed accounting of damages.

## Introduction

   Plaintiff sought and obtained a default judgment against FLAVORPILL.  Hon. Judge

Abrams has referred the case to Your Honor for an inquest on damages and this Court has

requested the enclosed submission which includes a memorandum of law, an affidavit and

exhibits containing Fortune's attorneys' billing records and invoices from the process server in

this case.  Plaintiff respectfully submits these items to substantiate an assessment of statutory

damages, costs and attorneys' fees in the amount of $38,000.

## BACKGROUND

I.      FACTUAL ALLEGATIONS

Plaintiff is an iconic music photographer whose livelihood depends on licensing of his photographs to online, print and television outlets for a fee.  Over the history of his storied career he has captured many legendary performers and moments.  He photographed Brian Wilson of the Beach Boys along with Keith Moon of The Who engaged in conversation.  In 1999, Fortune registered his photograph with the U.S. Copyright Office.

In or around 2013, the Defendant ran an article on its website prominently featuring the photograph.   The Defendant did not license the photographs from Fortune, nor did it have permission nor consent to publish it.   The Court granted Fortune's Motion for Default Judgment and referred the case to Your Honor for an inquest on damages.  See Dkt. 23.

## DAMAGES

### I.      STATUTORY DAMAGES FACTORS.

Even if Plaintiff could not make a showing of damages, statutory damages for copyright infringement are available without proof of plaintiff's actual damages or proof of any damages. *Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12 CIV. 5456 KMW AJP, 2013 WL 174226, at *2 (S.D.N.Y. Jan. 17, 2013), *report and recommendation adopted*, No. 12 CV 5456 KMW AJP, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013) (internal quotation mark and citations omitted). Here, Fortune produces several invoices for licensing of his works to various media outlets.

The Court has wide discretion to determine statutory damages.  In exercising its discretion in determining statutory damages pursuant to § 504(c), the Court may consider the following factors:
(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing

2

particular records from which to assess the value of the infringing material produced; and (7) the

potential for discouraging the defendant.  *Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, 2013 WL

174226, at *3 (collecting cases).

The Court should consider the following facts in evaluating Fortune's claim for statutory

damages: (1) The expenses saved and profits reaped in this case are difficult to quantify, because

the Defendant has chosen not to participate, but the exclusive photograph would have cost the

Defendant at least $5,000.  Crucially, Fortune has licensed this photograph in the past for around

$5,000.   Crucially, we cannot assess profits earned by the Defendant because it did not appear.

(2) Fortune, however, has licensed his photographs for significant and varying amounts.[1] The

revenue lost by Plaintiff is not necessarily contained by a standard licensing fee.  (3) The value

of the copyright is significant to the extent that Fortune's exclusive photograph of two legendary

musicians that poignantly captured their intimate friendship.  (4) The deterrent effect on others,

similarly situated to the Defendant should be strongly considered.  There is a harmful effect on

the market for these exclusive photographs when infringers are allowed to run rampant.   This

brings us to the importance of a deterrent effect when deciding an appropriate statutory damage

award. The Defendant is a publisher and a creator of content and as such, a sophisticated

infringer.   The message needs to resonate with like-minded infringers that copyright

infringement is prohibitive.   (5) Fortune believes that he has established that the conduct was

willful due to Defendant's failure to appear.  (6) The Defendant did not cooperate in providing

---

[1] Fortune's potential licensing fee, however, should only be a part of the calculation when determining statutory damages.  In *Psihoyos v. John Wiley & Sons, Inc.*, the Court elaborated that when considering damages they "have not held that there must be a direct correlation between statutory damages and actual damages. To suggest otherwise is to ignore the various other factors a court may consider and the purposes of statutory damages in the willful infringement context."  748 F.3d 120, 127 (2d Cir. 2014).

any documents and has failed to appear in the matter. The abstention from these legal

proceedings should be construed against the perpetrator.  (7) This particular Defendant, a

sophisticated publisher in the business of licensing photographs for publication and creating

content must be deterred by an award of damages that challenges its risk analysis. The Defendant

and those similarly situated would benefit greatly if the cost of violating copyrights of others

greatly exceeded the cost of compliance with the Copyright Act.   The Defendant has made profit

off of copyright infringement that it has heretofore considered the cost of doing business.  The

Court must change the calculus for these systematic infringers.   For the Defendant and those

similarly situated, any business model that depends on the disregard of the rights of others ---

must be made prohibitive.

Despite making a showing of willfulness, Fortune only asks the Court to award statutory

damages in the amount of $25,000 for the image which falls squarely in the statutory range even

in the absence of willfulness.  It bears repeating that the Defendant's failure to appear and defend

the suit may be construed as willfulness, making enhanced statutory damages a possibility.

Fortune's accounting for the demand of $25,000 per image is reasonable and proportional.

Furthermore, several courts in this Circuit have determined a multiple of 5 should be applied to a

lost licensing fee in calculating the appropriate statutory damage award.  As one Court has

stated, "to put infringers 'on notice that it costs less to obey the copyright laws than to violate

them,' ... a statutory damage award should significantly exceed the amount of unpaid

license fees." *Broadcast Music, Inc., v. R Bar of Manhattan, Inc.,* 919 F.Supp. 656, 660

(S.D.N.Y. 1996) (citation omitted).  Case law reflects many instances in which courts have set

awards at several times the amount of lost profits. *See Golden Torch Music Corp. v. Pier III*

*Cafe, Inc.,* 684 F.Supp. 772, 774–75 (D.Conn.1988) (awarding $8,000

4

in statutory damages where licensing fees would have been $1,490); *R Bar of Manhattan, Inc.,* 919 F.Supp. at 660 (awarding $12,000 in statutory damages where licensing fees would have been $2,245); *Broad. Music, Inc. v. Melody Fair Enters., Inc.,* 1990 WL 284743, at *4 (W.D.N.Y. July 31, 1990) (awarding $70,000 in statutory damages of dollars where licensing fees would have been about $17,000).  To be sure, in a case where Fortune has alleged that he has licensed this image for up to $5,000, he is asking for no more than 5 times the lost licensing fee.

## II.     DEFENDANT'S CONDUCT WAS WILLFUL.

The Copyright Act has a provision for an increase in statutory damages if the Defendant's actions are willful.  17 U.S.C. §504(c)(2).  Many courts have viewed a defendant's choice not to defend itself as tantamount to willfulness.  A defendant has frequently been deemed a willful infringer by virtue of its default. are deemed to be willful infringers.  See *Lane Crawford LLC v. Kelex Trading (CA) Inc.,* No. 12 CIV. 9190 GBD AJP, 2013 WL 6481354, at *3 (S.D.N.Y. Dec. 3, 2013), *report and recommendation adopted*, No. 12 CIV. 9190 GBD AJP, 2014 WL 1338065 (S.D.N.Y. Apr. 3, 2014) (collecting cases).

The Defendant in this case had ample notice and opportunity to make an appearance and mount a defense of its actions and has chosen not to do so.  Its actions are brazen and unrepentant and deserve to be addressed by the Court through enhanced statutory damages.

## III.     ATTORNEYS' FEES AND COSTS.

Plaintiff also seeks attorneys' fees and costs that are available under 17 U.S.C. §505 and are well within the Court's discretion.   To facilitate the Court's assessment, the Plaintiff submits a billing statement detailing his attorneys' fees.  See Exhibit A. Plaintiff is asking for $4,450 to pay his reasonable attorney's fees.  The Defendant's decision not to defend the suit is largely

responsible for the tasks the Plaintiff's attorneys had to undertake.   Additionally, all legal strategy and executed tasks were reasonable and lacked any indicia of frivolity.

In addition to reasonable attorneys' fees, the Plaintiff submits the costs of $400 in filing fees with ECF, of which this Court could take judicial notice as another Court in this District did in *CJ Prods. LLC v. Your Store Online, LLC*, 11 Civ. 9513, 2012 WL 2856068 at *6 (S.D.N.Y. July 12, 2012).   The Plaintiff further submits a bill from the process servers for the serving fees in the amount of $185.  See Exhibit B.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court statutory damages in the amount of $25,000 against the Corporate Defendant and award Plaintiff attorneys' fees and costs in an amount of $4,635.

Dated: Valley Stream, New York
     September 29, 2017

LIEBOWITZ LAW FIRM, PLLC

By:   /s/Yekaterina Tsyvkin

Yekaterina Tsyvkin

Richard Liebowitz

Liebowitz Law Firm PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com
kt@liebowitzlawfirm.com

*Attorneys for Plaintiff James Fortune*